**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 18-cv-3912** |
| | ) | |
| **BLAST FITNESS GROUP LLC,** | ) | |
| **BLAST FITNESS BURBANK LLC,** | ) | |
| **& DAVID SEGER,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against BLAST FITNESS GROUP LLC, BLAST FITNESS BURBANK LLC, and DAVID SEGER, states as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.      Plaintiff, PIIC, is an insurance company that issued a commercial lines policy to defendants Blast Fitness Burbank LLC ("BLAST FITNESS BURBANK") and, by way of endorsement, Blast Fitness Group LLC ("BLAST FITNESS GROUP"). PIIC brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2.      PIIC seeks a declaration that it has no duty to defend or indemnify BLAST FITNESS GROUP in connection with a lawsuit filed against BLAST FITNESS GROUP and BLAST FITNESS BURBANK by David Seger (the "Underlying Lawsuit").

3.     There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the policy of insurance issued by PIIC.   PIIC contends that there is no obligation to defend or indemnify BLAST FITNESS GROUP because the endorsement naming BLAST FITNESS GROUP as an insured on the PIIC Policy was not in effect at the time the incident giving rise to the Underlying Lawsuit took place.

4.     PIIC has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the PIIC Policy.   A judicial declaration is appropriate at this time so that PIIC may ascertain its rights and duties with respect to defense and indemnity under the PIIC Policy for the Underlying Lawsuit.

## THE PARTIES

5.     Plaintiff PIIC is a Pennsylvania corporation with its principal place of business in Pennsylvania.  PIIC is a citizen of Pennsylvania.

6.     Defendant BLAST FITNESS GROUP is a Delaware limited liability company with its principal place of business in Auburndale, Massachusetts.  Upon information and belief, CapeCapital LLC is the sole member of BLAST FITNESS GROUP.  CapeCapital LLC is a Massachusetts limited liability company with its principal place of business in Massachusetts. Upon information and belief, Harold Dixon is the sole member of CapeCapital LLC.  Upon information and belief, Harold Dixon is a citizen of Massachusetts. Upon information and belief, BLAST FITNESS GROUP is a citizen of Delaware and Massachusetts.

7.     Defendant BLAST FITNESS BURBANK is an Illinois limited liability company with its principal place of business in Illinois.  Upon information and belief, Newfit, LLC is the sole member of BLAST FITNESS BURBANK.  Newfit, LLC is a Delaware limited liability company with its principal place of business in Massachusetts.  Upon information and belief, the

members of Newfit, LLC are Harold Dixon and CapeCapital LLC. CapeCapital LLC is a Massachusetts limited liability company with its principal place of business in Massachusetts. Upon information and belief, Harold Dixon is the sole member of CapeCapital LLC. Upon information and belief, Harold Dixon is a citizen of Massachusetts. Upon information and belief, BLAST FITNESS BURBANK is a citizen of Illinois, Delaware and Massachusetts. BLAST FITNESS GROUP is named as a necessary party under Fed. R. Civ. P. 19(a).

8.      Upon information and belief, Defendant David Seger ("SEGER") is a citizen of Illinois. SEGER is named as a necessary party under Fed. R. Civ. P. 19(a).

## JURISDICTION AND VENUE

9.      Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332 as there is complete diversity and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs

10.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### A.     THE UNDERLYING LAWSUIT

11.     On or around March 29, 2013, SEGER filed a lawsuit against BLAST FITNESS BURBANK and BLAST FITNESS GROUP, pending as case no. 13-L-3266 in the Circuit Court of Cook County, Illinois (the "Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached as Exhibit A.

12.     The Underlying Lawsuit alleges that on February 28, 2012, SEGER was injured at the premises located at 7600 South Lacross, Burbank, IL 60459, and that said premises was owned, controlled, maintained and possessed by BLAST FITNESS BURBANK and BLAST FITNESS GROUP.

13.     PIIC is providing a defense to BLAST FITNESS BURBANK and BLAST FITNESS GROUP in the Underlying Lawsuit.

14.     After the Underlying Lawsuit was filed, BLAST FITNESS GROUP filed for Chapter 7 bankruptcy, pending as case number 16-10236-MSH in the United States Bankruptcy Court for the District Court of Massachusetts.  Upon the request of the underlying plaintiff DAVID SEGER, the automatic stay was lifted in the bankruptcy case with respect to the Underlying Lawsuit.

**B.     THE PIIC POLICY**

15.     PIIC issued a commercial lines policy of insurance to BLAST FITNESS BURBANK, bearing policy number PHPK783364, in effect from October 12, 2011 to October 12, 2012 (the "PIIC Policy").  A copy of the PIIC Policy is attached as Exhibit B.

16.     As of the inception of the Policy and continuing to May 21, 2012, BLAST FITNESS GROUP was not a Named Insured, Insured, or otherwise covered by the PIIC Policy.

17.     The Insuring Agreement provides, in relevant part:

**1.     Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

    **b.**     This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**     The "bodily injury" or "property damage" occurs during the policy period; * * *

18. The PIIC Policy contains Endorsement IL 12 04 12 98 (the "Endorsement"). The Endorsement adds BLAST FITNESS GROUP as a Named Insured on the PIIC Policy, and states the "effective date of change" is May 22, 2012.

## COUNT I – DECLARATORY JUDGMENT
### No duty to defend BLAST FITNESS GROUP

19. PIIC reasserts and realleges paragraphs 1 through 18 above as if fully set forth herein.

20. The Endorsement adding BLAST FITNESS GROUP to the PIIC Policy did not go into effect until May 22, 2012.

21. The incident giving rise to the Underlying Lawsuit occurred on February 28, 2012, prior to the Endorsement going into effect.

22. Because the endorsement naming BLAST FITNESS GROUP as an insured on the PIIC Policy was not in effect at the time of the incident giving rise to the Underlying Lawsuit, PIIC has no duty to defend BLAST FITNESS GROUP in the Underlying Lawsuit.

WHEREFORE, Plaintiff PIIC seeks a judgment: (a) declaring that PIIC has no duty to defend BLAST FITNESS GROUP under the PIIC Policy with respect to the Underlying Lawsuit; (b) declaring that PIIC can withdraw from the defense of BLAST FITNESS GROUP in the Underlying Lawsuit; and (c) providing such other and further relief as this Court may deem just and equitable.

## COUNT II – DECLARATORY JUDGMENT
### No duty to indemnify BLAST FITNESS GROUP

23. PIIC reasserts and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.     Because PIIC does not have a duty to defend BLAST FITNESS GROUP in the Underlying Lawsuit, PIIC does not owe a duty to indemnify BLAST FITNESS GROUP in the Underlying Lawsuit.

WHEREFORE, Plaintiff PIIC seeks a judgment declaring that PIIC has no duty to indemnify BLAST FITNESS GROUP under the PIIC Policy with respect to the Underlying Lawsuit.

## REQUESTED RELIEF

WHEREFORE, Plaintiff PIIC prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the PIIC Policy, together with the following relief:

a.   That this Court find and declare that PIIC has no duty to defend BLAST FITNESS GROUP in connection with the Underlying Lawsuit;

b.   That this Court find and declare that PIIC can withdraw from the defense of BLAST FITNESS GROUP in the Underlying Lawsuit;

c.   That this Court find and declare that PIIC has no duty to indemnify BLAST FITNESS GROUP in connection with the Underlying Lawsuit;

d.   That this Court grant such other and further relief as it deems just and equitable.

## JURY DEMAND

Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY, demands the right to trial by jury on all issues so triable.

Dated this 5th Day of June, 2018.

Respectfully Submitted,


By: /s/ Brian C. Bassett
One of the Attorneys for PHILADELPHIA
INDEMNITY INSURANCE COMPANY


Brian C. Bassett (#6285714)
Julie Klein (#6316842)
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, IL 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
bbassett@tlsslaw.com
jklein@tlsslaw.com