**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil No. 18-cv-3912** |
| **BLAST FITNESS GROUP LLC, BLAST FITNESS BURBANK LLC, & DAVID SEGER,** | ) | |
| **Defendants,** | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DAVID SEGER'S MOTION TO VACATE ORDER OF DEFAULT**

Plaintiff, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLP, hereby submits this Response in Opposition to Defendant David Seger's Motion to Vacate Order of Default, and states as follows:

## I. INTRODUCTION

Defendant David Seger is the plaintiff in the underlying *Seger* Lawsuit and was served personally at his residence with a copy of the Complaint and Summons in the instant action (the "DJ Action") on July 3, 2018. Defendant Seger failed to file a timely response, and an order of default was entered against it on October 16, 2018. (Doc. #23.) On November 6, 2018 – more than four months after being served with this lawsuit – Seger's attorney, Scott Blumenshine, filed his appearance in this lawsuit. (Doc. #31.) Seger filed his Motion to Vacate Order of Default on November 16, 2018, which is now before the Court. (Doc. #34.)

As further explained below, Seger fails to show good cause for his failure to participate in this Action for more than four months after being served. To the contrary, Seger has refused to

participate in the DJ Action, despite having knowledge of the DJ Action and of his legal responsibility to file a responsive pleading and participate in the DJ Action. Further, Seger has not shown any meritorious defense to the claims asserted in the DJ Action. For these reasons, Seger's Motion to Vacate the Order of Default should respectfully be denied.

Alternatively, in the event this Court grants Seger's Motion, PIIC requests that the case proceed on an expedited schedule. PIIC understands that the *Seger* Lawsuit is set for trial in January 2019, and asserts that the coverage dispute must be decided before that trial is set to begin. Having known about the DJ Action since July, Seger should not be granted the full 21 days he seeks to file his responsive pleading. Moreover, while Seger asserts that the parties will file a joint proposed discovery schedule in the interim, a determination on PIIC's duty to defend is limited to the PIIC Policy and the allegations in the *Seger* Lawsuit and therefore no discovery is necessary. For these reasons, Seger should not be allowed to delay the prosecution of the DJ Action any longer, and an expedited schedule is appropriate.

## II. BACKGROUND

### A. Procedural History

On June 5, 2018, Plaintiff PIIC filed its Complaint for Declaratory Judgment against Defendants Blast Fitness Group, Blast Fitness Burbank and David Seger in this action. (Doc. #1.) PIIC seeks a declaration that it does not have a duty to defend or indemnify Blast Fitness Group in connection with a lawsuit filed against it styled *David Seger v. Blast Fitness Group & Blast Fitness Burbank*, pending as case no. 13-L-3266 in the Circuit Court of Cook County, Illinois (the "*Seger* Lawsuit").

David Seger is the plaintiff in the underlying *Seger* Lawsuit and was served personally at his residence with a copy of the Complaint and Summons on July 3, 2018. (*See* Affidavit of

Service, at Doc. #9.) Defendant Seger, along with the other Defendants, all failed to file responsive pleadings within 21 days of service. Accordingly, PIIC moved for the entry of default against all Defendants pursuant to Fed. R. Civ. P. 55(a) (Doc. #21), which was granted on October 16, 2018 (Doc. #23). Subsequently, on November 5, 2018, PIIC filed a Motion for Default Judgment against all Defendants, which was set for presentment on November 13, 2018. (Docs. # 27, 28.)

On November 6, 2018 – one day after PIIC filed its Motion for Default Judgment but one week before the Motion was presented before this Court – attorney Scott Blumenshine filed his appearance on behalf of David Seger. (Doc. #31.) Yet, Seger's counsel failed to appear at the presentment hearing on PIIC's Motion for Default Judgment on November 13, 2018. On November 16, 2018, Seger filed its Motion to Vacate Order of Default. (Doc. #34.)

**B. The Bankruptcy Case**

The instant Action relates to insurance coverage available to Blast Fitness Group in the *Seger* Lawsuit. After the *Seger* Lawsuit was filed, Blast Fitness Group filed for Chapter 7 bankruptcy, pending as case number 16-10236-MSH in the United States Bankruptcy Court for the District Court of Massachusetts (the "Bankruptcy Case"). David Seger filed a motion in the Bankruptcy Court to lift the automatic stay with respect to the *Seger* Lawsuit, which was granted by order dated October 28, 2016. At the time the stay was lifted, PIIC was providing a defense to Blast Fitness Group.

Upon recognizing that the PIIC Policy did not provide coverage to Blast Fitness Group for the *Seger* Lawsuit, PIIC advised both Blast Fitness Group and Seger's attorney, Scott Blumenshine, that there is no coverage available to Blast Fitness Group for the *Seger* Lawsuit under the PIIC Policy. In addition, PIIC filed a motion in the Bankruptcy Case seeking to

reinstate the automatic stay in the *Seger* Lawsuit on April 11, 2018. Therein, PIIC informed the Bankruptcy Court of the fact that no coverage is available to Blast Fitness Group under the PIIC Policy – a fact that the Bankruptcy Court was not aware of at the time it granted Seger's motion to lift the automatic stay. Without insurance available to pay for Blast Fitness Group's defense, PIIC argued that the automatic stay should be reinstated.

David Seger's counsel (Scott Blumenshine) and the undersigned counsel for PIIC (Brian Bassett), both attended the hearing on PIIC's motion to reinstate the stay before the Bankruptcy Court on May 1, 2018. At the hearing, the Judge presiding over the Bankruptcy Case denied the motion, stating that he did not want to decide the coverage issue and directed PIIC to file its coverage action elsewhere.

Following the Bankruptcy Court's directive to litigate the coverage issue elsewhere, PIIC filed the instant DJ Action on June 5, 2018. In light of the Bankruptcy Court's directive, it did not appear necessary to obtain a separate order from the Bankruptcy Court to lift the stay to pursue the coverage action against Blast Fitness Group. However, in order to ensure that PIIC had authority to litigate the DJ Action, PIIC filed its Motion to Modify the Automatic Stay to Allow Prosecution of PIIC's Declaratory Judgment Action Against Blast Fitness Group in the Bankruptcy Court on August 1, 2018. A copy of PIIC's Motion is attached as **Exhibit A.** On August 6, 2018, the Bankruptcy Court entered a notice that PIIC's Motion was set for hearing on September 6, 2018. A copy of the Notice of Hearing is attached as **Exhibit B.** Copies of PIIC's Motion and the Notice of Hearing were sent to all counsel of record, including Mr. Blumenshine. On August 31, 2018, David Seger, through his attorney Mr. Blumenshine, filed a motion for leave to appear at the hearing telephonically. A copy of the Motion to Appear Telephonically is attached as **Exhibit C.** However, Mr. Seger did not appear at the hearing on September 6, 2018.

The Court entered an order granting PIIC's Motion (attached as **Exhibit D**), which was sent to all counsel of record including Mr. Blumenshine.

### C. Communications between counsel for PIIC and Mr. Blumenshine

Scott Blumenshine, the attorney who represents David Seger in this action, also represents David Seger in the underlying *Seger* Lawsuit. As further set forth in the Affidavit of Julie Klein, attached as **Exhibit E**, counsel for PIIC has communicated with Mr. Blumenshine on numerous occasions regarding this Action. These communications are summarized, in relevant part, as follows:

- On July 27, 2018, PIIC's attorney emailed Mr. Blumenshine a copy of the DJ Complaint and inquired as to whether he would be representing David Seger in this Action. (***See* Ex. E, at ¶ 4**.)

- On September 10, 2018, PIIC's attorney e-mailed Mr. Blumenshine a copy of the Bankruptcy Court's order lifting the automatic stay with respect to the DJ Action, and following up on whether he would be representing David Seger in this Action. (***See* Ex. E, at ¶ 5**.)

- On September 11, 2018, Mr. Blumenshine responded to the above email stating that he will likely be appearing, and would let PIIC's counsel know shortly. (***See* Ex. E, at ¶ 6**.)

- After Mr. Blumenshine failed to indicate whether he would be representing Mr. Seger, PIIC's attorney sent him another email on September 18, 2018, asking him for a response by the end of the week. (***See* Ex. E, at ¶ 7**.)

As of October 10, 2018, Mr. Blumenshine had not responded to PIIC's repeated inquiries about his representation of David Seger or make any additional attempts to communicate with PIIC about whether he would be representing David Seger in the DJ Action. Accordingly, PIIC filed its motion for entry of default on October 10. (Doc. #21.)

## III. ARGUMENT

A party moving to vacate an entry of default under Rule 55(c) bears the burden of showing (1) "good cause" for the default, (2) "quick action" to correct the default, and (3) a

"meritorious defense" to the nonmovant's claim. Fed. R. Civ. P. 55(c); *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). The movant's failure to make any one of these three showings warrants denial of a motion to vacate. *See id.* at 46-47.

As set forth below, Defendant Seger cannot establish good cause for the default entered against it, and does not have a meritorious defense to PIIC's claims, and therefore its Motion to Vacate the Entry of Default should respectfully be denied.

**A. Seger Has Not Demonstrated Good Cause for its Default**

The defaulting party must show good cause for its default or the default order will not be vacated. *Pretzel & Stouffer, Chartered*, 28 F.3d at 45. The Seventh Circuit has stated that good cause is not present "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities." *Zuelzke Tool & Engineering v. Anderson Die Castings, Inc.*, 925 F.2d 226, 228 (7th Cir.1991).

In its Motion, Seger argues that the default should be vacated because this action was filed "in violation of the automatic stay" in the Bankruptcy Case, and because the stay was still in effect when David Seger was served. However, Seger's attorney was present at the May 1, 2018 hearing before the Bankruptcy Court, where the Court directed PIIC to file the coverage action elsewhere. That is, Seger's attorney was fully aware of the Bankruptcy Court's directive to file the coverage action elsewhere when he decided to ignore his legal responsibility to participate in the DJ Action after being served.

Further, even assuming, *arguendo*, that the DJ Action was filed in violation of the automatic stay, Seger would not be excused from the Federal Rules which required him to file a responsive pleading within 21 days. Rather, Seger failed to participate in the DJ Action, knowing that the action was pending and that it had a legal responsibility to protect its own

interests in the DJ Action. *See id.* at 229 (finding defaulted party did not show good cause where its refusal to participate was a deliberate abdication of its legal responsibility to protect its own interests in the litigation).

Moreover, even if the automatic stay was in place when PIIC initiated this action, PIIC subsequently filed a motion in the Bankruptcy Court to lift the stay to allow prosecution of the DJ Action, which was granted on September 6, 2018. Copies of PIIC's Motion, the Notice of Hearing, and the order lifting the stay, were sent to all counsel of record, including Mr. Blumenshine. And, as extra assurance, PIIC's counsel sent the order lifting the stay to Mr. Blumenshine via email on September 10, 2018. In other words, even if there were any support for Seger's assertion that it had "good cause" based on the automatic stay in the Bankruptcy Case, which there is not, Seger's attorney knew that the automatic stay was lifted on September 6, 2018 to allow prosecution of this DJ Action, and continued to ignore its legal obligation to file a responsive pleading and participate in the DJ Action for two months.

In sum, Seger cannot establish any good cause for the default entered against it. To the contrary, Seger was properly served on July 3, 2018, and there is no excusable reason for Seger to have waited until November 5, 2018 – four months after being served – to file his appearance. Instead, PIIC's consistent communications with Seger's attorney, Mr. Blumenshine, demonstrate that Seger had knowledge of the pending lawsuit, and decided not to participate in the lawsuit. As such, Seger's Motion to Vacate should respectfully be denied.

**B. Seger Has Failed to Show a Meritorious Defense to PIIC's Claims**

Seger's Motion fails to identify any meritorious defense to PIIC's Complaint for Declaratory Judgment, and its Motion should be denied for this reason as well. The Seventh Circuit has held that a meritorious defense requires more than a "general denial" and "bare legal

conclusions." *Pretzel & Stouffer, Chartered*, 28 F.3d at 46. Here, however, Seger had failed to challenge the merits of PIIC's claims on any ground, and has certainly not asserted any "meritorious defenses" that would warrant vacating the default order entered against Seger.

As set forth in PIIC's Motion for Default Judgment, the PIIC Policy simply does not afford Blast Fitness Group coverage because the Endorsement adding Blast Fitness Group as an insured on the Policy was not in effect when the event giving rise to the *Seger* Lawsuit took place. While the *Seger* Lawsuit arises out of an incident on February 28, 2012, the Endorsement adding Blast Fitness Group as an insured on the Policy, did not go in effect until May 22, 2012. The Endorsement was not in effect on February 28, 2012, when the alleged event for which insurance is sought took place. Therefore, the *Seger* Lawsuit is not even potentially within coverage under the PIIC Policy, and PIIC has no duty to defend or indemnity Blast Fitness Group in the *Seger* Lawsuit. Seger has failed to identify any meritorious defense to PIIC's claims, and its Motion should be denied for this reason as well.

**C. Alternatively, this Case Should Proceed on an Expedited Schedule**

Alternatively, in the event this Court grants Seger's Motion, PIIC requests that the case proceed on an expedited schedule. PIIC understands that the *Seger* Lawsuit is set for trial in January 2019, and asserts that the coverage dispute must be decided before that trial is set to begin. Having known about the DJ Action since July, Seger should not be granted the full 21 days he seeks to file his responsive pleading. Moreover, while Seger asserts that the parties will file a joint proposed discovery schedule in the interim, a determination on PIIC's duty to defend is limited to the PIIC Policy and the allegations in the *Seger* Lawsuit and therefore no discovery is necessary. For these reasons, Seger should not be allowed to delay the prosecution of the DJ Action any longer, and an expedited schedule is appropriate.

## IV. CONCLUSION

In sum, Seger has failed to show good cause for failing to participate in this lawsuit for more than four months after being served. Rather, Seger has knowingly refused to participate in the DJ Action, despite having knowledge of its pendency and of Seger's legal responsibility to participate in the DJ Action. Further, Seger has not shown any meritorious defense to the claims asserted in the DJ Action. For these reasons, Seger's Motion to Vacate the Order of Default should respectfully be denied.

Alternatively, in the event this Court grants Seger's Motion, PIIC requests that the case proceed on an expedited schedule. PIIC understands that the *Seger* Lawsuit is set for trial in January 2019, and asserts that the coverage dispute must be decided before that trial is set to begin.

Dated: November 20, 2018

Respectfully Submitted,

By: /s/ Brian C. Bassett
One of the Attorneys for PHILADELPHIA INDEMNITY INSURANCE COMPANY

Brian C. Bassett (#6285714)
Julie Klein (#6316842)
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, IL 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
bbassett@tlsslaw.com
jklein@tlsslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed on November 20, 2018 with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel on record.

Respectfully Submitted,

By: /s/ Julie Klein
One of the Attorneys for PHILADELPHIA INDEMNITY INSURANCE COMPANY

Brian C. Bassett (#6285714)
Julie Klein (#6316842)
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, IL 60606
Phone: (312) 332-3900
Fax: (312) 332-3908
bbassett@tlsslaw.com
jklein@tlsslaw.com