**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLAST FITNESS GROUP LLC, BLAST FITNESS BURBANK LLC, & DAVID SEGER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1: 18-cv-03912<br><br>Honorable Sara L. Ellis |

**DEFENDANT, DAVID SEGER'S,**
**REPLY IN SUPPORT OF HIS**
**MOTION TO VACATE ORDER OF DEFAULT AND LEAVE TO APPEAR**

**NOW COMES** the Defendant, **DAVID SEGER**, by and through his attorney, **SCOTT A. BLUMENSHINE** of the **BLUMENSHINE LAW GROUP**, respectfully moves this Honorable Court to dismiss this case as void ab initio, or in the alternative vacate any and all defaults entered against Defendant, **DAVID SEGER**, and grant him leave to file his responsive pleading to Plaintiff's Complaint at Law within twenty one (21) days and in Support thereof, he states as follows:

**INTRODUCTION**

**PHILADELPHIA INDEMNITY INSURANCE COMPANY'S (hereinafter "PIIC")** Declaratory Judgment action was filed in violation of automatic stay imposed by U.S.C. § 362(a) prohibiting all manner of litigation involving Defendant, **BLAST FITNESS GROUP, LLC**, and therefore its service on Defendant, **DAVID SEGER**, and the Default Judgment entered against him are void. Defendant, **DAVID SEGER**, did

not want to be in violation of the stay by participating in litigation prohibited by federal bankruptcy law, which constitutes good cause under Fed. R. Civ. P. 55(c). The Defendant, **DAVID SEGER**, has a substantial interest in the PIIC policy because he was severely injured at the **BLAST FITNESS BURBANK, LLC.** facility. Thus this Court's order vacating the order of default and granting Defendant, **DAVID SEGER**, leave to appear would be fair and reasonable.

Plaintiff, **PIIC**, Response in Opposition to Defendant's Motion to Vacate Order of Default misconstrues the relevant procedural history, and fails to provide the context and all relevant facts concerning the interplay between **BLAST FITNESS GROUP, LLC'S** United States Bankruptcy Court for the District Court of Massachusetts case, the *David Seger v. Blast Fitness Group, et. al.*, 2016 L 11970, Circuit Court of Cook County personal injury case, and this Declaratory Judgment action.

## RELEVANT PROCEDURAL HISTORY

Mr. Seger's personal injury lawsuit was filed in the Circuit Court of Cook County on March 29, 2013. For many years, **PIIC** defended Defendants, **BLAST FITNESS GROUP, LLC (PIIC'S insured) and BLAST FITNESS BURBANK, LLC** in Mr. Seger's personal injury suit prior to the case being placed on the Bankruptcy Stay Calendar in the Circuit Court of Cook County on February 17, 2016. **PIIC** never alleged a coverage issue. On October 28, 2016, the United States Bankruptcy Court for the District Court of Massachusetts entered an order lifting the U.S.C. § 362(a) automatic stay as to Mr. Seger's case. On December 8, 2016, the Circuit Court of Cook County allowed Mr. Seger's personal injury case to resume.

The parties, including **PIIC'S** insured **BLAST FITNESS GROUP, LLC.**, have continued litigating Mr. Seger's personal injury suit with the matter set for trial on January 29, 2019. Throughout more than five (5) years of litigation, **PIIC**, by and through its insured **BLAST FITNESS GROUP, LLC.**, did not discover nor make known to the parties, their counsel, or the Court any alleged coverage issue.

**PIIC'S** motion to reinstate the U.S.C. § 362(a) automatic stay as to Mr. Seger's Cook County lawsuit was briefed, heard, and denied by the Honorable Judge Melvin S. Hoffman on May 1, 2018. (See Exhibit A). Regardless of **PIIC'S** understanding of any of the Honorable Judge Melvin S. Hoffman's comments made during the Bankruptcy Court hearing on **PIIC'S** motion, the Court's order unequivocally denies **PIIC'S** ability to move forward on any litigation related to its insured **BLAST FITNESS GROUP, LLC**, and in no way granted **PIIC** leave to in any way violate the bankruptcy stay. (*See* Exhibit B). The order contained no "directive" from the Honorable Judge Melvin S. Hoffman to file this suit, as **PIIC** argues was "apparent" to all present at the hearing on this matter. (*See* Plaintiff's Response to Defendant's Motion to Vacate Default, pg. 6).

Despite the Bankruptcy Court's unequivocal May 1, 2018 order on **PIIC'S** motion, **PIIC** filed its original Complaint for Declaratory Judgment on June 5, 2018, against Defendants **BLAST FITNESS GROUP, LLC**, **BLAST FITNESS BURBANK, LLC**, and **DAVID SEGER**, while the stay was in effect. On June 26, 2018, while the automatic stay was in effect, Plaintiff issued summons to Defendant, **DAVID SEGER**, at the address of 14536 Morningside Rd., Orland Park, IL 60462. The affidavit of Plaintiff's process server was filed with this Court on July 6, 2018. **PIIC** was not

granted leave to modify the U.S.C. § 362(a) automatic stay from the United States Bankruptcy Court for the District Court of Massachusetts until September 6, 2018. All action taken by PIIC from May 1, 2018 until the September 6, 2018 order violated the U.S.C. § 362(a) automatic stay in effect for all matters related to its insured, **BLAST FITNESS GROUP, LLC**.

## ARGUMENT

### I. PIIC's Complaint was Filed in Violation of the 11 U.S.C. § 362(a) Stay; Therefore, PIIC's Complaint at Law is Void Ab Initio.

**PIIC'S** motion to reinstate the bankruptcy stay as to its insured, **FITNESS GROUP, LLC.**, in Mr. Seger's personal injury suit pending in the Circuit Court of Cook County was denied upon hearing on the issue by the Honorable Judge Melvin S. Hoffman. (Exhibit A). Subsequent to this failure to avoid its insuring obligation for the underlying action through the Bankruptcy Court, **PIIC** sought another avenue to avoid the insurance agreement through this declaratory judgment action. However, **PIIC** failed to first obtain leave of court from the United States Bankruptcy Court for the District Court of Massachusetts to bring this action. This was not only bad form but a violation of the automatic stay. "Acts in violation of the automatic stay imposed by § 362(a) are void ab initio." *In re Garcia*, 109 B.R. 335, 340 (N.D. Ill., 1989). *See* also *Cohen v. Salata*, 303 Ill.App.3d 1060 (1st Dist. 1999).

> [T]he court concludes that the fundamental importance of the automatic stay to the purposes sought to be accomplished by the Bankruptcy Code requires that acts in violation of the automatic stay be void, rather than voidable. Concluding that acts in violation of the automatic stay were merely voidable would have the effect of encouraging disrespect for the stay by increasing the possibility that

> violators of the automatic stay may profit from their disregard of the law... *In re Garcia,* 109 B.R. 335 at 340.

The case of *In re Garcia*, 109 B.R. 335 (N.D. Ill., 1989), involved debtors that filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code. The Debtors claimed an interest in certain real estate property and listed the County Collector of Cook County on schedule on A-1 as a creditor-claimant for pre-petition real estate taxes owed on realty. *Id.* Despite receiving notice of the bankruptcy and the automatic stay, the County Collector of Cook County held a public sale for delinquent real estate taxes owed on the realty. *Id.* An entity named Phoenix purchased the debtors' delinquent taxes, and assigned them to DeBois. *Id.* DeBois did not have notice of the pending bankruptcy case. *Id.* DeBois petitioned the Bankruptcy Court for an order of turnover of the property, but the Bankruptcy denied the petition holding that the post-petition sale for delinquent real estate taxes was void ab inition. *Id.* The holding was affirmed on a timely appeal by the DeBois'. *Id.* at 340.

Despite having notice of **BLAST FITNESS GROUP, LLC.'s** pending bankruptcy proceedings unlike in *In re Garcia*, **PIIC** did not seek to modify the bankruptcy stay related to its insured, **BLAST FITNESS GROUP, LLC.**, until September 6, 2018, approximately three months after filing this action. The order eventually obtained by **PIIC** modifying the bankruptcy stay does not contain language that backdates the effect of the modification to prior to **PIIC'S** filing of its complaint in this matter on June 5, 2018. (Exhibit C). Therefore, **PIIC'S** Complaint is void ab initio; any purported service on Defendant, **DAVID SEGER**, is void ab initio; and the resultant default judgment entered by this Honorable Court on November 13, 2018 is, respectfully, void

ab initio. **PIIC'S** improper filing should not be rewarded by defaulting Defendant, **DAVID SEGER**. Pursuant to U.S.C. 362(k) provides that "an individual injured by willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Thus, Defendant, **DAVID SEGER**, respectfully requests Plaintiff's Complaint be dismissed with prejudice assessing his attorneys' fees and costs associated with this matter, or, in the alternative, vacate the default judgment previously entered against Defendant and grant him leave to file his responsive pleadings within twenty-one (21) days of hearing of this matter.

**II. Additionally, PIIC's Own Unclean Hands in Knowingly Filing this Suit in Violation of the Automatic Stay in the Bankruptcy Court After Five Years of Litigating the Underlying Circuit Court of Cook County Case is Sufficient to Trigger "Good Cause" Under Fed. R. Civ. P. 55(c).**

The doctrine of unclean hands in Illinois is, succinctly stated, "[i]f the plaintiff creates or contributes to the situation on which it relies, the court denies equitable relief in order to deter the wrongful conduct." *Original Great American Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273 (7th Cir., 1992). *Original Great American Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.* involves a dispute between a franchisor (hereinafter "Cookie Company") and a franchisee (hereinafter "Sigels") wherein the Cookie Company terminated the Sigels' franchise, but the Sigels continued to sell cookies under the trademark. *Id.* at 274. The Cookie Company sued the Sigel's to enjoin their violating the Trademark Act and for preliminary injunction. *Id.* The Sigels' counterclaim also sought a preliminary injunction directing Cookie Company to restore their franchise. *Id.* In overturning the Sigel's

motion for a preliminary injunction, the Seventh Circuit relied on the Illinois doctrine of Unclean Hands stating "we think an Illinois court would deny an injunction to a firm that by its fraudulent conduct had precipitated the very suit in which it was seeking the injunction. *Id.* at 282.

Here, **PIIC** relies on the filing of its Complaint in this matter in violation of the automatic stay imposed by the United States Bankruptcy Court for the District Court of Massachusetts and everything subsequent thereto in obtaining its default judgment against Defendant, **DAVID SEGER**. Everything subsequent to **PIIC'S** Complaint being filed is fruit from a poisoned tree. As in *Original Great American Chocolate Chip Cookie Co., Inc.*, **PIIC'S** own unclean hands are the very cause of this Default Judgment being entered. **PIIC** knowingly filed a Complaint in violation of an automatic stay pursuant to bankruptcy proceedings. Even if this Honorable Court does not hold PIIC's Complaint at Law void ab initio, **PIIC'S** own unclean hands in bringing this suit in violation of the automatic stay constitutes "good cause" under Fed. R. Civ. P. 55(c) to vacate the default judgment previously entered against Defendant, **DAVID SEGER**, in order to deter the wrongful conduct.

## III. PIIC has Failed to Demonstrate Any Prejudice Necessitating the Entry of Default Judgment Against Defendant, DAVID SEGER.

The default was entered against Defendant, **DAVID SEGER**, by this Honorable Court on October 16, 2018. **PIIC** filed it Motion for Default Judgment against Defendant, **DAVID SEGER**, on November 5, 2018, and the CM/ECF online docket reflects Scott A. Blumenshine of Blumenshine Law Group filed his appearance on November 6, 2018, merely three weeks after the default was entered against

Defendant, **DAVID SEGER**. Defendant, **DAVID SEGER**, did not want to be in violation of the U.S.C. § 362(a) stay by participating in a void ab initio action. This constitutes "good cause" under Fed. R. Civ. P. 55(c).

**Wherefore**, Defendant, **DAVID SEGER**, respectfully requests that this Honorable Court enter an order:

(1) Dismissing Plaintiff, **PIIC'S**, Complaint at Law as void ab initio for knowingly violating the automatic stay in effect pursuant to the bankruptcy proceedings involving its insured and Defendant, **BLAST FITNESS GROUP, LLC.**, in the United States Bankruptcy Court for the District Court of Massachusetts and awarding Defendant, **DAVID SEGER**, attorneys' costs and fees associated with this matter pursuant to U.S.C. 362(k); or, in the alternative,

(2) Vacate the previously entered default judgment and grant him twenty-one (21) days to file his response to **PIIC'S** Complaint at Law.

Dated: December 4, 2018

Respectfully Submitted,

/s/ Scott A. Blumenshine
Scott A. Blumenshine
Blumenshine Law Group
155 N. Michigan Avenue, Suite 400
Chicago, Illinois 60601
Ph: 312.766.1000
F: 312.871.3349
sblumenshine@blg-legal.com
Counsel for Defendant – David Seger

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed on December 4, 2018 with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel on records. The undersigned further certifies that the foregoing document has been sent via certified mail to the following:

Blast Fitness Group, LLC
c/o Harold Dixon
63 Cart Path Road
Weston, MA 02493

Blast Fitness Burbank, LLC
4823 W. 77th Street
Burbank, IL 60459

Brian C. Bassett
Julie Klein
Traub Lieberman Straus & Shrewsberry, LLP
303 W. Madison Street, Ste. 1200
Chicago, IL 60606
bbassett@tlsslaw.com
jklein@tlsslaw.com

By: /s/ Scott A. Blumenshine
Scott A. Blumenshine
Counsel for Defendant – David Seger

/s/ Scott A. Blumenshine
Scott A. Blumenshine
Blumenshine Law Group
155 N. Michigan Avenue, Suite 400
Chicago, Illinois 60601
Ph: 312.766.1000
F: 312.871.3349
sblumenshine@blg-legal.com
Counsel for Defendant – David Seger