**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLAST FITNESS GROUP LLC, BLAST FITNESS BURBANK LLC, & DAVID SEGER,<br><br>Defendants. | ) | No. 18 C 3912<br><br>Judge Sara L. Ellis |

**ORDER**

The Court denies Defendant David Seger's motion to vacate the order of default [34].

**STATEMENT**

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") filed this declaratory judgment action against Defendants Blast Fitness Group, Blast Fitness Burbank, and David Seger on June 5, 2018. PIIC seeks a declaration that it does not have a duty to defend or indemnify Blast Fitness Group in connection with Seger's currently pending state court lawsuit against Blast Fitness Group and Blast Fitness Burbank (the "*Seger* lawsuit"). Blast Fitness Group filed for Chapter 7 bankruptcy in 2016, after the filing of the *Seger* lawsuit. The bankruptcy court lifted the stay with respect to the *Seger* lawsuit on October 28, 2016. On April 11, 2018, PIIC sought reinstatement of the stay with respect to the *Seger* lawsuit, which the bankruptcy court denied. PIIC then filed this action on June 5, 2018. PIIC served Seger with a copy of the complaint and summons on July 3. On August 1, PIIC filed a motion with the bankruptcy court to modify the automatic stay to allow PIIC to prosecute this action against Blast Fitness Group. The bankruptcy court granted that motion on September 6. PIIC then served Blast Fitness Group with summons and the complaint in this case. PIIC also effectuated service on Blast Fitness Burbank through the Illinois Secretary of State. After serving all Defendants and the time for filing their responses passed, PIIC moved for entry of default against all Defendants. The Court granted the motion and entered default against Defendants on October 16. PIIC then filed a motion for default judgment on November 5. On November 6, counsel for Seger entered his appearance in the case but failed to appear for the hearing set on PIIC's motion for default judgment. On November 16, Seger filed this motion to vacate the default, arguing that PIIC brought this action in violation of the automatic stay and so did not effectuate proper service on him.

Obtaining a default judgment entails a two-step process: (1) entry of default where the plaintiff has shown the defendant has failed to plead or otherwise defend, and (2) entry of a default judgment based on proof of the amount of damages, as provided by the plaintiff. Fed. R. Civ. P. 55(a), (b). Before the Court can enter a default judgment against a defendant, the plaintiff must demonstrate that it has effectively served the defendant. *Myles v. Reighter*, No. 15 C 9635, 2018 WL 1542391, at *2 (N.D. Ill. Mar. 28, 2018). The defaulted defendant may seek to set aside an entry of default for good cause pursuant to Federal Rule of Civil Procedure 55(c). The decision is committed to the Court's discretion, with the Court considering whether the moving party has demonstrated (1) good cause, (2) quick action to respond to the default, and (3) a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009). The Court applies this standard "more liberally" to motions to vacate a default under Rule 55(c) than to motions to vacate a default judgment under Rule 60(b). *Id.* at 631. In making this decision, the Court keeps in mind the general policy of "favoring trial on the merits over default judgment." *Id.*

Seger contends that the Court should set aside the entry of default because PIIC violated the automatic stay and so did not effectuate proper service on him. "[W]ithout proper service, the Court has no personal jurisdiction over a defendant," meaning that a default judgment entered without personal jurisdiction is void and the Court must vacate the default. *Myles*, 2018 WL 1542391, at *3; 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2696 (4th ed.) ("Any of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) will justify relief from a default entry[.]"). But Seger's arguments are misplaced because the automatic stay against Blast Fitness Group does not extend to Seger, Blast Fitness Group's co-defendant in this action. Although the Bankruptcy Code's automatic stay provision "prevents on-going litigation against a debtor, the general rule in this circuit is that 'plaintiffs are free to pursue the debtor's codefendants' regardless of the automatic stay." *Celtic Bank Corp. v. Exec. Title, Inc.*, No. 15 CV 30, 2015 WL 5951844, at *2 (N.D. Ill. Oct. 13, 2015) (quoting *Lee v. RCN Corp.*, No. 03 CV 5866, 2004 WL 2108577, at *1 (N.D. Ill. Sept. 20, 2004)); *see also Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) ("The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants."). Courts have found two limited exceptions, but the Court need not address them here because "[t]he weight of authority . . . holds that a request to extend a § 362 stay must be filed in the court where the bankruptcy action pends, and further, that the request is to be filed by the debtor." *Chicago Reg'l Council of Carpenters v. Willman Constr., Inc.*, No. 15 C 10163, 2017 WL 1079250, at *2–3 (N.D. Ill. Mar. 22, 2017) (quoting *Lee*, 2004 WL 2108577, at *1). Here, neither Seger nor Blast Fitness sought to extend the stay to Seger. Therefore, the automatic stay did not apply to Seger at the time PIIC served him with the summons and complaint in this case.

Seger does not set forth any other basis to find good cause to vacate the entry of default against him. Nor does he even suggest a potential meritorious defense to PIIC's action. Therefore, he has not met the requirements to set aside the default and the Court denies his motion.

Date: January 14, 2019 /s/ Sara L. Ellis